IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:21-CR-30025-SPM |
| ANTWON MCNEESE, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**McGlynn, District Judge:**

Pending before the Court is Defendant Antwon McNeese's "Motion Under 18 U.S.C. §3582 for Reconsideration of a Sentence" (Doc. 37). Within the motion, McNeese requests the Court reconsider his sentence based upon a "mixed" amount of methamphetamine, not the higher "ice" standard (Id.). In support of his motion, McNeese relies upon a non-binding decision from the Northern District of Iowa[1]. *U.S.A. v. Nawanna,* 321 F.Supp.3d 943 (N.D. Iowa, May 1, 2018).

In May 2019, McNeese pleaded guilty to one count of distribution of a controlled substance – methamphetamine, and one count of felon in possession of a firearm (Doc. 17). According to the Presentence Investigation Report ("PSR"), McNeese had a total offense level of 31 and was a criminal history category of III for a guideline imprisonment range of 135 months to 168 months on Count I with a statutory maximum of 120 months' imprisonment in Count II (SEALED Doc. 25). The

---

[1] The Court notes that defendant erroneously cited to the Eighth Circuit; however, this decision was on the district, not circuit level.

Page 1 of 6

undersigned sentenced McNeese to 135 months incarceration as to Count 1 and 120 months as to Count 2, to run concurrently, along with 5 years and 1 year of supervised release, respectively, also to run concurrently (Doc. 31).

McNeese is now 47 years old and is currently incarcerated at FCI – Greenville. He is scheduled to be released from the Bureau of Prisons (BOP) on October 17, 2030.[2]

## LAW

There are limited grounds to revisit a sentence after it is imposed. *See United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Indeed, the default rule is that the district court "may not modify a term of imprisonment once it has been imposed," with three identified exceptions. 18 U.S.C. §3582(c)

The first exception under the Sentencing Reform Act, the so-called "compassionate release" provision, authorizes a sentence reduction if the court finds that "extraordinary and compelling reasons warrant such a reduction." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The second exception is a catch-all; however, it does not even provide a basis for a defendant to seek relief; instead it provides only that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. §3582(c)(1)(B). The third and final exception, §3582(c)(2), allows the defendant or the Bureau of Prisons to move to reduce a sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with

---

[2] https://www.gov/inmateloc/ (last visited August 28, 2023).

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(2).

## ANALYSIS

This motion was brought "under 18 U.S.C. §3582"; however, McNeese did not specify any subpart or exception upon which he relied (Doc. 37). Instead, he cited to an opinion from the Northern District of Iowa to support his argument that his total offense level should be lowered to reflect the lower 'mixed' amount of methamphetamine (Id.). His argument is unavailing.

### I.   Exceptions

The general rule is that district courts lack authority to modify a sentence once it has become final. See *United States v. Anderson*, 583 F.3d 504, 508 (7th Cir. 2009). However, there are three exceptions wherein the Court can revisit a prior sentence. *Id.*; 18 U.S.C. §3582(c).

The so-called compassionate release exception is not applicable. When deciding whether "extraordinary and compelling reasons", 18 U.S.C. §3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions. See *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), and *United States v. Brock*, No. 22-1148, 39 F.4th 462 (7th Cir. July 7, 2022). There's nothing "extraordinary" about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255. See *United States v. Martin*, 21 F.4th 944 (7th Cir. 2021).

Rule 35 does not authorize a modification in this case. FED. R. CRIM. PRO. Indeed, Rule 35 is a limited remedy, available only within 14 days of sentencing for "clear error" or through the government's motion based on substantial assistance. *See* Fed. R. Crim. P. 35; *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014). McNeese sought this modification more than 14 days after the imposition of his sentence and the government is not seeking a reduction due to his assistance; therefore, this exception is inapplicable.

A sentence reduction under §3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range; and, (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. Here, the first criteria is not met because McNeese was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. McNeese's relevant conduct in his PSR was 51.1 grams of "Ice" (1,022 kg) along with 204.8 grams of actual methamphetamine (4,096.00 kg) for a total of 5118.00 kg (See Doc. 25, ¶25). This resulted in a base level offense of 32 pursuant to U.S.S.G. §2D1.1(c)(4) (3000 to 10,000 kg of converted drug weight)[3]. That base offense level, and therefore the sentencing guideline, has not been lowered since McNeese was sentenced. *See* U.S.S.G. §2D1.1. Accordingly, this exception is not applicable.

II. **Sentencing Guidelines**

The federal Sentencing Guidelines are advisory, not mandatory. *United States v. Booker*, 543 U.S. 220, 245–46 (2005). While this Court imposed a guideline sentence,

---

[3] McNeese received a 3-level reduction for acceptance of responsibility resulting in an advisory guideline range of 135 to 168 months.  He was sentenced to 135 months, the low end of the range.

albeit the lowest end, the Court also considered the sentencing factors found at 18 U.S.C. §3553(a). Indeed, McNeese had a lengthy criminal history, including numerous prior firearms offenses as well as offenses for theft, criminal damage to property, and domestic battery. He also had prior involvement with controlled substances, and this plea involved ongoing drug trafficking from at least October 2019 to April 2020 wherein he engaged in seven (7) controlled purchases of methamphetamine. The Court considered the safety of the community and the need to deter defendant and others from engaging in similar conduct.

McNeese has not articulated any legal rationale to support a reduction in his sentence. His sentence was within the guidelines and was clearly supported by the evidence. As such, it is entitled to a presumption of reasonableness and defendant has failed to rebut that presumption. See *U.S. v. Jarigese,* 999 F.3d 464, 473 (7th Cir. 2021).

### III.   Exhaustion

Although not raised by the government, a court cannot modify a defendant's Sentence under the first exception, compassionate release, until, "after the defendant has fully exhausted all administrative rights to appeal" and 30 days have passed without the Bureau of Prisons filing a motion on the defendant's behalf. 18 U.S.C. 3582(c)(1)(A)(i). This Court has no information regarding exhaustion, which is just one more question surrounding this motion.

### CONCLUSION

For these reasons, Defendant Antonio McNeese's Motion for Reconsideration of a Sentence under 18 U.S.C. §3582 (Doc. 37) is **DENIED**.

IT IS SO ORDERED.

DATED: <u>September 11, 2023</u>

*/s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
